### No. 10,490.

### THE STATE EX REL. LÉON BEAUCOUDRAY, FOR THE USE OF ETC., VS. JUDGES OF THE COURT OF APPEALS, ET AL.

A *mandamus* will not issue to the Court of Appeals to try a case, on its merits, involving five hundred dollars, when said court, in the legal exercise of its discretion, finds that the claim is inflated in order to give it jurisdiction over the facts, and that the record contains no statement, no bill, or assignment of errors.

State ex rel. Beaucoudray, etc. vs. Judges, et al.

APPLICATION for Mandamus.

*Fergus Kernan* and *R. H. Downing* for the relator.

*Buck, Dinkelspiel & Hart* for the respondents.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus*.

The relator complains that the Court of Appeals, considering that the sum claimed by him, viz, $500, in a certain suit, was inflated, dismissed his appeal, refusing to pass upon the law and facts involved in the controversy. He contends that said court ought to have passed upon both, as the amount claimed is exactly $500.

The judges of the Court of Appeals have entered an appearance, referring this court to the reasons assigned by them for dismissing the appeal.

It would have been preferable for their honors to have answered the petition, by substantially giving the motives for which the relief sought, should be declined, even had they deemed it advisable, to append to their return, their written opinion, as part of it, to amplify the same, rather than to subject this court to search for and formulate an answer, from the argumentative reasons assigned to dismiss the appeal.

It appears that the relator had brought suit as tutor before the Civil District Court for the Parish of Orleans to recover from the defendant a sum of five hundred dollars damages, resulting from an alleged illegal seizure and sale of certain effects belonging to his ward. The items forming the amount being:

The value of the goods seized and sold............................$150
Damages consequent on the seizure................................ 150
Attorneys' fees ................................................ '200
                                                                 ———
    Total ....................................................$500

When the case came up, the Court of Appeals, which had jurisdiction over the controversy, as the amount claimed exceeded one hundred dollars ($100), concluded that, as the record was not in a condition to present questions of law for solution, and as the demand was evidently fictitious and magnified so as to give it jurisdiction over the facts, when in reality it had none, dismissed the appeal.

The judges of the Court of Appeals, having exercised a legal discretion cannot be compelled by *mandamus* to try the case differently from what they have.

By the amendment re-enacting Article 148 of the Constitution (Act 125 of 1882), the lower limit of the jurisdiction of that court was reduced from *two* to *one* hundred dollars. Under the second paragraph of the article, it has jurisdiction on questions of law alone, in cases involving *less* than five hundred dollars, exclusive of interest, and, upon the law and the facts "in other cases."

It is apparent that, as the controversy involved nominally $500 exactly, which is *more* than *less* than $500, it had jurisdiction over the facts and the law, and, under the ruling in State ex rel. Cazentre vs. Judges, recently decided, 41 Ann., p. 955, they had the power to dismiss the appeal, because the amount claimed by the relator, here, had been inflated so as to make the case examinable on the facts and law, on appeal.

It is likewise clear, after finding that by reason of the inflation, it could not pass on the facts, the Court of Appeals was not bound to pass upon the case as involving questions of law, because of material deficiencies in the record before it.

Appellants to that court must shape their records, so as to present, either questions of law exclusively in cases involving less than $500, or both, questions of law and facts, "in other cases."

They must take the risk when they rank a case in the last category, that if the demand is fictitious, the court will dismiss the appeal, without passing on questions of law, *unless* they are presented by the record, in the shape and form in which they should be set forth, in order that the same may be considered and determined.

The judges of the Court of Appeals thus viewed the matter, for they say that they declined to pass upon the facts, as the claim was inflated, and refused to determine any question of law, as the record contained no statement, bill, or assignment of errors.

The relator has not undertaken to show that the ruling was *arbitrary*. As we have no authority to inquire into the correctness of the reasons assigned by the judges of the Court of Appeals and as the decree made by them is one which they had the power to render finally, we cannot grant the relator any relief.

It is therefore adjudged and decreed that the restraining order herein made be rescinded and the application for a *mandamus* be refused with costs.